

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4405A
Re: Gross Receipts Tax
upon sale of radios
and cosmetics.

In your letter of February 9, 1942, you
direct our attention to Article 10 of House Bill
No. 8, 47th Legislature, and submit to us for our
opinion the following:

"It appears to be the practice of
people engaged in the sale of cosmetics
and radios to add two per cent to the
sale price of the article and collect
that much in addition when the sale is
made and report the two per cent collected
as the tax due this Department. The ques-
tion has arisen as to whether or not the
tax also applies against the additional
amount collected at the time of the sale.
For example: a dealer sells a radio at the
sale price of $100 but he collects $102
from the customer. Should the seller base
his tax on the sale price of $100 or on
the amount of $102 actually collected?"

The first and last paragraphs of Section 1,
Article 10, House Bill No. 8, 47th Legislature, read
as follows:

THIS COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Each person, partnership, association,
or corporation selling at retail new radios or
new cosmetics, shall make quarterly on the
first days of January, April, July, and October
of each year, a report to the Comptroller,
under oath of the owner, manager, or if a corpo-
ration, an officer thereof, showing the aggre-
gate gross receipts from the sale of any of
the above-named items for the quarter next
preceding; and shall at the same time pay to
the Comptroller a luxury excise tax equal to
two (2) per cent of said gross receipts as
shown by said report. . .

"Nothing herein shall be construed so
as to require payment of the tax on gross
receipts herein levied more than once on
the proceeds of the sale of the same article
of merchandise. A retail sale as used herein,
means a sale to one who buys for use or con-
sumption, and not for resale. Gross receipts
of a sale means the sum which the purchaser
pays, or agrees to pay for an article or com-
modity bought at retail sale."

The tax levied by the above section of H. B.
No. 8 is a gross receipts tax, not a sales tax. It is
not levied against the retail purchaser. Notwithstanding
that he may be required to pay to the seller a greater
amount on account of the tax, the requirement is one which
is made by the seller and not by the taxing statute. The
purchaser does not under such circumstances pay the tax.
He is merely paying more for the merchandise. The tax is
paid later. From Lash's Products Company v. United States,
278 U. S. 175, 73 L. Ed. 251, we quote:

"This is a suit to recover the amount of cer-
tain taxes paid under the Revenue Act of 1918 (Act
of February 24, 1919, c. 18, ( 628, 40 Stat. 1057,
1116). By ( 628 there is imposed on 'soft drinks,

sold by the manufacturer, * * * in bottles or other closed containers, a tax equivalent to 10 per centum of the price for which so sold.' This tax was paid by the petitioner, calculated at ten per centum of the sum actually received by it for the goods sold. But the petitioner had notified its customers beforehand that it paid the ten per cent tax and it contends that in this way it passed the tax on and that the true price of the goods was the sum received less the amount of the tax. The phrase 'passed the tax on' is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. Heckman & Co. v. I. S. Dawes & Son Co., 12 F. (2d) 154. The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all." (Underscoring ours)

We cite also People vs. Werner, 5 N. E. (2) 238, Ill.; Elmer Candy Co. vs. Fauntelroy, 19 Fed. (2) 664.

Our answer to your question is that the seller should base his tax on the sale price of $102.00 on the fact case presented.

This opinion is in lieu of our Opinion No. 0-4403, which is withdrawn.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED MAR 24, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:MBT


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN